Jules D. Zalon
20 Curtis Avenue
West Orange, New Jersey 07052
(Pro Hac Vice Application Pending)
Tel:    973-324-2444
Fax:   973-324-2180
email:  jzalon@zalonoffice.com

Attorney for plaintiff.

[X] FILED  ___ LODGED
___ RECEIVED  ___ COPY
JUN 0 5 2009
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

CIV '09 1 2 2 0 PHX ROS

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| NOLO, | ) Civil Action No. |
| | ) CV 09 _____ (      ) |
| Plaintiff, | ) |
| v. | ) COMPLAINT: |
| | ) Registered Trademark Infringement |
| WEBTRADING CO.; DAVE GREEN; JOHN DOES 1-5, | ) False Designation of Origin |
| | ) Violation of 15 U.S.C. 1125(d) |
| | ) Violation of 15 U.S.C. 1125(c) |
| Defendants. | ) |

Plaintiff, by its attorney Jules D. Zalon, as and for its complaint against the defendants herein, hereby respectfully alleges the following upon knowledge as to plaintiff's own acts and upon information and belief as to all other matters:

1.   Plaintiff Nolo is a California corporation whose principal place of business is at 950 Parker Street, Berkeley, California 94710.

2.   Defendant Webtrading Co. ("Webtrading") is an entity whose formal organization is not presently known, but whose principal place of business is listed on the WHOIS database as 41716 N. Harbour Town Way, Anthem, Arizona 85086. However, it

1

**COMPLAINT**

appears that the actual office address of this company is 2549 W. Shinnecock Way, Phoenix, Arizona 85086.

3. Defendant Dave Green ("Green") is a principal of, or is otherwise associated with, defendant Webtrading and has caused it to commit the acts hereinafter alleged. Green is believed to reside at 2549 W. Shinnecock Way, Phoenix, Arizona 85086.

4. Defendants designated as John Does 1-5 are owners or principals of, or are otherwise associated with, defendant Webtrading and have caused it to commit the acts herein complained of. The identities of the individuals described as John Does are not presently known, and the complaint will be amended to include their true names when identified.

5. Each of the defendants either (a) regularly does business in the state of Arizona or (b) has committed infringing acts which have had consequence within the said State.

## JURISDICTION AND VENUE

6. The causes and separate counts set forth hereinbelow arise under the Trademark Act, Title 15 U.S.C. 1501, et seq. as well as the common law of this state, and jurisdiction and venue are founded upon Title 15 U.S.C. 1501 et seq., Title 28 U.S.C. 1331, 1338, 1391(b), 2201 and 2202. The matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars. A substantial portion of the events giving rise to the claims have occurred in the state of Arizona.

## FACTS

7. In or about 1971, plaintiff was organized as Nolo Press, and commenced publishing self-help legal books directed both to the legal profession and to the public at large. Since that time, they have produced hundreds of individual titles – and more than a thousand separate updates – and they presently offer 140 different titles, including several software programs, all (since 1972) utilizing the name and trademark NOLO. It is no exaggeration to state that plaintiff is far and away the largest – and most respected – publisher of self-help law books in the country.

8. Since 1972, plaintiff has prominently applied the name and trademark NOLO on every single one of the thousands of titles that they have published; the number of actual copies sold by plaintiff in 2008 alone substantially exceeds 600,000 units. As a result of plaintiff's investment of its effort, money and skill and other resources, plaintiff's NOLO trademark is one of the most famous trademarks in the publishing field, not only in the United States, but around the world.

9. On or about March, 1994, NOLO registered the domain name <nolo.com> [www.nolo.com] and since that date has developed an extensive web site in association therewith. The web site includes a header on each page that prominently displays its NOLO name and trademark, and is an important source of information for the legal profession and for the public at large.

10. Plaintiff actively maintains this website to promote its products, to provide, online applications for document preparation in the area of estate planning, patents

**COMPLAINT**

and business formation, and to provide a public service to the hundreds of thousands of individuals who visit the site to help them make informed choices concerning matters of personal interest.

11. Plaintiff's website has been widely praised. The Wall Street Journal said, "Nolo's Web presence is long established, and the experience shows." The New York Times says "If you had to choose one site to take to a desert island, this would be the one . . . ." The site has won many awards, including "c/net Site of the Day," Forbes' "Best of the Web," Entrepreneur's "100 Best Web Sites" and "USA Today Site of the Day." The site also won the 2001 "Webby" award for best "government & law" site on the web.

12. The defendants have registered the domain name <nolo.org> [thus, www.nolo.org] for a website that was apparently created for the sole purpose of selling it, and for no other legitimate purpose. Since NOLO is a famous trademark and <nolo.com> is a well-known domain name that has been used and utilized by plaintiff for more than 15 years, people surfing the Internet, including people looking for plaintiff's website, are likely to assume that <nolo.com> is being operated by plaintiff, and are likely to become confused and discouraged when they see the paltry content of the defendants' website. In fact, a quick review of several websites that a Google search produces shows that many organizations believe that plaintiff's website is in fact <nolo.org>. Plaintiff promptly contacted the defendants and requested that they immediately cease using this infringing domain name and that they agree to transfer it to plaintiff, but the defendants have refused, necessitating this lawsuit.

## AS AND FOR A FIRST COUNT FOR
## FOR REGISTERED TRADEMARK INFRINGEMENT IN
## <u>VIOLATION OF 15 U.S.C. §1114</u>

13. In or about 1972, plaintiff adopted and used in interstate commerce the name and trademark NOLO in connection with books in the field of law and business topics, and have since used the said mark widely throughout the United States to identify their products and to distinguish them from those offered by others by, among other things, prominently displaying the mark NOLO on all the books published and distributed by them, and on letterheads and advertising.

14. In or about 1987, plaintiff began applying the said name and trademark NOLO to a continually enlarging number of computer programs which it produced and sold widely throughout the United States, on such topics as estate planning, patents, business formation, and landlord-tenant law.

15. As a result of the wide and prominent advertising and use of such mark, the said NOLO trademark has developed and now possesses a secondary and distinctive trademark meaning to purchasers of books and software programs on a wide variety of business and legal topics.

16. On August 19, 2005, plaintiff filed an application for registration of the said mark in the United States Patent & Trademark Office. On May 16, 2006 the said mark was registered in the United States Patent & Trademark Office on the Principal Register under the Act of 1946 under Registration No. 3,126,546 covering use of the mark in connection, inter alia, with books in the field of law and business topics; also computer

software for the preparation of legal and business documents. Since such date and continuing to the present, plaintiff has been the owner of said registration, which is valid and subsisting.

17. The defendants have infringed plaintiff's mark in interstate commerce by various acts, including utilizing the NOLO trademark as the dominant portion of their trademark NOLO.ORG, which is used by them as the dominant mark on their website. The use of said infringing mark by defendants is without permission or authority of plaintiff, and said use by defendants is likely to cause confusion, to cause mistake and to deceive.

18. The aforesaid acts of the defendants have been committed willfully and with full knowledge of the rights of plaintiff and with the intention of deceiving and misleading the public and of wrongfully misappropriating and trading upon the nationally recognized value of the good will and reputation inhering in plaintiff's trademark and of benefitting from and depriving plaintiff of the benefits arising from such reputation and goodwill.

19. Since the date of registration, plaintiff has regularly given notice that the mark is registered in the U. S. Patent & Trademark Office.

20. Upon information and belief, the defendants have been transacting and continue to transact business in this state and elsewhere in interstate commerce, and have been and continue to infringe plaintiff's trademark rights in this state and elsewhere in interstate commerce, and regularly have been and now do business and solicit business and derive substantial revenue from goods sold, used and consumed in this state and elsewhere

**COMPLAINT**

in interstate commerce. The defendants expected or should have reasonably expected that their unlawful acts would have consequence in this state.

21. Defendants' use in commerce of the NOLO trademark on their website is an infringement of plaintiff's registered trademark in violation of 15 U.S.C. 1114.

## AS AND FOR A SECOND COUNT
## FOR VIOLATION OF 15 U.S.C. 1125(a)

22. Plaintiff hereby realleges, as if fully set forth, the allegations of Paragraphs 1 through 21 herein.

23. The prominent use of the trademark NOLO.ORG on the defendants' website is a false description and representation that the services provided thereon are made by, sponsored by, or are otherwise affiliated with plaintiff. Said acts are in violation of 15 U.S.C. 1125(a) in that defendants are using in connection with their services a false designation of origin and false or misleading description of fact, which is likely to cause confusion and to deceive the consumer public into believing that plaintiff is the source of the defendants' services, and have caused such services to enter into or affect interstate commerce. Plaintiff believes that they are and are likely to be damaged by such false description and representation by reason of the likelihood that visitors to the defendants' web site will be confused as to the true source, sponsorship or affiliation of said services.

## AS AND FOR A THIRD COUNT
## FOR TRADEMARK DILUTION IN
## VIOLATION OF 15 U.S.C. §1125(c)

24. Plaintiff hereby realleges, as if fully set forth, the allegations of paragraphs 1 through 23 herein.

**COMPLAINT**

25. Defendants' acts are likely to tarnish plaintiff's valuable business reputation and goodwill and are likely to blur the distinctiveness of the famous and distinctive NOLO trademark.

26. Defendants' acts of dilution and tarnishment are intentional and willful.

27. Defendants' acts constitute dilution and tarnishment of plaintiff's famous NOLO trademark in violation of §43(c) of the Lanham Act, 15 U.S.C. §1125(c).

28. Defendants' acts greatly and irreparably damage plaintiff and will continue to so damage plaintiff unless restrained by this Court; thus, plaintiff is without an adequate remedy at law.

### AS AND FOR A FOURTH COUNT FOR FOR CYBERSQUATTING IN VIOLATION OF 15 U.S.C. §1125(d)

29. Plaintiff hereby realleges, as if fully set forth, the allegations of paragraphs 1 through 28 herein.

30. According to the WHOIS database of domain name registrations, defendants registered the infringing domain name <nolo.org> on March 22, 2003. The infringing domain name is registered to defendant Webtrading.

31. Webtrading registered the infringing domain name long after plaintiff's adoption and first use of its famous NOLO mark and more than nine years after plaintiff's registration of its own domain name containing that mark.

**COMPLAINT**

32. The infringing domain name is confusingly similar to the plaintiff's NOLO mark because it incorporates in its entirety the famous and distinctive NOLO trademark.

33. Defendants' use of NOLO in connection with the infringing domain name is likely to cause confusion and deception as to source, sponsorship, affiliation or endorsement, with plaintiff and its famous NOLO trademark.

34. Defendants have and continue to use the infringing domain name to divert Internet users from plaintiff's web site.

35. The aforesaid activities are without the consent of the plaintiff.

36. Defendants' use of the infringing domain name has been and continues to be made with a bad faith intent to profit from the NOLO trademark.

37. Defendants use the infringing domain name to attract and divert Internet users from plaintiff's own web site to Webtrading's web site for commercial gain based on a likelihood of confusion as to the source, sponsorship, affiliation or endorsement, with plaintiff and its NOLO trademark.

38. Defendants registered the infringing domain name with the knowledge that it is essentially identical and/or confusingly similar to and dilutive of plaintiff's distinctive and famous NOLO trademark.

39. Defendants do not have any intellectual property rights in the infringing domain name, or any other term identical with or similar to the NOLO trademark.

**COMPLAINT**

40. Defendants' actions constitute cybersquatting in violation of the Anti-cybersquatting Consumer Protection Act, §43(d) of the Lanham Act, 15 U.S.C. §1125(d).

## DAMAGE TO PLAINTIFF

41. The acts, conduct and threatened acts and conduct of defendants as hereinabove alleged, are causing, and unless enjoined and restrained will continue to cause, plaintiff serious and irreparable injury which cannot be fully, adequately or readily compensated by money damages. Plaintiff has no adequate remedy at law and will suffer immediate and irreparable injury, loss and damage unless defendants are restrained and enjoined by this Court from continuing to perform the aforesaid acts of trademark infringement and other acts of unfair competition.

42. It will be impossible to ascertain the amount of compensation which could afford plaintiff adequate relief for such threatened and continuing acts, and a multiplicity of judicial proceedings would be required.

## PRAYER FOR RELIEF

43. WHEREFORE, plaintiff prays:

1. That defendants, and all persons acting in concert or participating with defendants, be preliminarily and permanently enjoined from:

   a) registering or maintaining any registration of NOLO.ORG or any other names, words, designations or symbols consisting of, incorporating in whole or part,

or that are otherwise confusingly similar to the NOLO trademark or any other trade names, trademarks or service marks of plaintiff;

b) using the infringing domain name, or any other names, words, designations or symbols consisting of, incorporating in whole or part, or that are otherwise confusingly similar to the NOLO trademark or any other trade names, trademarks or service marks of plaintiff;

c) using any names, words, designations or symbols consisting of, incorporating in whole or part, or that are otherwise similar to the NOLO trademark or any other trademark of plaintiff anywhere on any web site or the web sites of defendants.

d) using any names, words, designations or symbols consisting of, incorporating in whole or part, or that are otherwise similar to the NOLO trademark or any other trademark of plaintiff in any buried code, metatags, search terms, keywords, key terms, hits generating pages, or any other devices used, intended, or likely to cause any web site or web sites of defendants to be listed by any Internet search engines in response to any searches that include any terms identical with or confusingly similar to the NOLO trademark or any other trademarks of plaintiff;

e) using any names, words, designations or symbols consisting of, incorporating in whole or part, or that are otherwise similar to the NOLO trademark or any other trademark of plaintiff in any e-mail or other marketing solicitations sent to consumers;

f)   otherwise infringing plaintiff's trademark;

g)   making any description or representation stating or implying that defendants' goods or services, domain names or web sites are in any way affiliated, associated, authorized, sponsored, endorsed or otherwise connected with plaintiff; and

h)   any other conduct that is likely to cause confusion or to cause mistake or to deceive as to the source, affiliation, connection or association of defendants' domain names, web sites, products or services with plaintiff.

2.   That defendants be ordered to disclose to the Court and to plaintiff all other domain name registrations owned directly or indirectly by defendants, or by entities in which defendants have a financial interest, to permit the Court and plaintiff to consider whether any such other registrations should be subject to relief in this matter.

3.   That defendants, and all persons acting in concert or participation with them be ordered to transfer to plaintiff the infringing domain name and any other infringing domain names as may be determined by the Court as appropriate herein for relief pursuant to 15 U.S.C. §1125(d)(1)(c).

5.   That Defendants be ordered to pay statutory damages in the amount of $100,000.00. 15 U.S.C. §1117(d).

6.   That defendants be ordered to pay plaintiff all profits realized by defendants by reason of their unlawful acts as set forth in this complaint. 15 U.S.C. §1117(a).

**COMPLAINT**

7. That defendants be ordered to pay plaintiff all damages suffered by plaintiff by reason of the defendants' trademark infringement as set forth in this complaint. 15 U.S.C. §1117(a).

8. That the Court award plaintiff three times the damages suffered by reason of the intentional, unlawful acts of defendants as set forth in this complaint. 15 U.S.C. §1117(a).

9. That defendants be required to file with this Court and serve on the undersigned counsel for plaintiff, within thirty (30) days after the entry of judgment, a written report under oath setting forth in detail the manner in which defendants have complied with the injunction ordered by this Court. 15 U.S.C. §1116.

10. That defendants be ordered to pay to plaintiff the costs of this action and its reasonable attorneys' fees. 15 U.S.C. §1117(a).

11. That plaintiff have such other relief as this Court may deem just and proper.

Dated:    West Orange, New Jersey
          June 3, 2009

_____
Jules D. Zalon

**COMPLAINT**