**JULES D. ZALON**   ATTORNEY AT LAW
20 CURTIS AVENUE ▪ WEST ORANGE, NEW JERSEY 07052
973-324-2444
MEMBER N.J. & N.Y. BARS                                        FAX: 973-324-2180

**Via E-mail Only: Cheryl_Milbourne@azd.uscourts.gov**

October 19, 2009

```
☑ FILED      ___ LODGED
___ RECEIVED ___ COPY

    OCT 1 9 2009

CLERK U S DISTRICT COURT
   DISTRICT OF ARIZONA
BY_____ DEPUTY
```

Hon. Roslyn O. Silver, United States District Court Judge
Sandra Day O'Connor U.S. Courthouse
401 W. Washington Street
Phoenix, AZ 85003-2118

Re: Nolo v. Webtrading Co. and Dave Green – 09-1220 PHX ROS

Dear Judge Silver:

In view of a series of ambiguous threats just received from defendant Dave Green, I am writing to request that Your Honor direct him to refrain from engaging in any extra-judicial punitive mischief against either my client or me, personally. I know Mr. Green is acting pro se, and therefore may not understand the obligations of attorneys and parties in a federal lawsuit, but his peculiar actions border on the criminal and put both my client and me in fear that he will do something not viewed as a traditional remedy available to litigants.

Frankly, Mr. Green's threats came out of the blue, since we appeared to be having extremely cordial conversations, and exchanging friendly emails. But on Saturday afternoon my office received an email that contained the following unvarnished threat:

> " . . . I do not appreciate this ongoing legal harassment and have **pretty much reached the end of the line with my patience and am trying to avoid taking in the near future an extremely serious and significant move (of a non litigation nature)**. I ask that you please dismiss the lawsuit immediately - and do it with prejudice. Do it NOW. Sincerely, Dave Green" [Emphasis added]

Not having received a response, approximately two hours later, he sent yet another email:

> "No reply received yet Jules? I also tried to call you today but no answer. FYI, **NOLO only gets one bite of this apple** (do you recall those words you said to me long ago) so please **dismiss the suit on Monday**. Thank you." [Emphasis added]

But Green was not finished. At around the same time as the second email, Mr. Green called my office and left a long, rambling message, which included the following demands:

> "**I want the lawsuit dismissed no later than Monday. . . . I am not going to put up with this any longer, Jules** . . . . I want it dismissed right away; I want it done immediately. . . . I'm not going to put up with this any longer, this intimidation, this harassment. . . . I want it dismissed right away, **it has to be done immediately.**" [Emphasis added]

Putting these three missives together, Mr. Green has threatened that unless I dismiss this lawsuit today, he will take an extremely serious and significant move (of a non litigation nature) and that we get only one chance to avoid some unstated – but apparently very serious – damage.

But that is a classic example of attempted extortion under 18 U.S.C. §1951. Mr. Green is attempting to obtain a benefit (the dismissal of a bona fide lawsuit) induced by the wrongful use of "actual or threatened force, violence, or fear . . . ."

While he has not actually described the serious and significant damage that he plans to cause, that only makes his threat the more worrisome:

> Making an "ambiguous threat, such as "pay up or else" . . . ordinarily should be treated" as an extortionate threat justifying an increased level of punishment under the sentencing guidelines.

U.S. v. Bigelow, 914 F.2d 966, 974 (C.A.7 (Ill.),1990) (citing Application Notes to § 2B3.2 of the sentencing guidelines). Accord: U.S. v. Williams, 952 F.2d 1504, 1514 (6th Cir. 1991); U.S. v. Zizzo, 120 F.3d 1338 (7th Cir. 1997).

Moreover, courts in civil actions should have no trouble protecting litigants' rights from extortionate threats intended to prevent the continuation of a lawsuit:

> The prevention of the appearance of a litigant in court for the prosecution of a suit brought to enforce a right, by intimidation and threats, is considered such an obstruction of judicial procedure as renders absolutely worthless all process of the court, which has been instituted for the enforcement and protection of the rights and the redress and the prevention of wrongs of the litigants. . . . Beyond the peradventure of a doubt, [the defendant's] words and actions were intimidating and coercive of the plaintiffs . . . ; he threatened . . . cancellation of their respective franchise agreements . . . unless they discontinued this litigation.

Shires v. Magnavox Co., 432 F.Supp. 231 (D.Tenn. 1976)

Now I don't want to turn this into a criminal proceeding. But I also don't want it turned into a fracas . . . or a circus. The courts exist for the singular purpose of providing a forum for the resolution of disputes in a civilized manner. If Mr. Green believes our case lacks merit, he has a full panoply of remedies available to him. But to take – or threaten – non-judicial self-help remedies, or punishments(!), debases the process and makes a mockery of the best judicial system in the world.

I therefore ask Your Honor to direct Mr. Green to limit his enthusiasm to procedures contemplated by the Federal Rules and to conduct himself according to normal standards of decency and honor.

Respectfully,


/s/ Jules D. Zalon

cc:   Mr. Dave Green                                                                                   Via e-mail only